UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BILLY SUE MARR, by and through her Legal Guardian and Father, Grant Marr; TODD PINARD; GREG ROGERS; JASON DUPPER, by and through his Legal Guardians, Margaret and Russell Dupper; BRYAN SAUNDERS, on behalf of themselves and all others similarly situated;<br><br>and<br><br>WASHINGTON PROTECTION AND ADVOCACY SYSTEM, INC., a Washington Corporation,<br><br>                     Plaintiffs,<br>   -vs-<br><br>EASTERN STATE HOSPITAL, et al.,<br><br>                     Defendants. | NO.   CV-02-0067-WFN<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFFS' MOTION TO AMEND |

Pending before the Court are Defendants' Motion to Dismiss (ECF No. 233) and Plaintiffs' Motion to Amend the Order and Settlement Agreement Entered February 12, 2008 (ECF No. 240). The Court heard oral argument on May 18, 2011. David Carlson and Stacie Siebrecht appeared on behalf of the Plaintiffs; Eric Nelson appeared on behalf of the Defendants. The Court has reviewed the file and Motions, considered the argument of counsel, and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court.

**I. FACTS**

This case was transferred to this district on February 19, 2001. For a great portion of that time, the case has been stayed to accommodate the parties' Settlement Agreements. The

ORDER DENYING DEFENDANTS' MOTION TO DISMISS
AND GRANTING PLAINTIFFS' MOTION TO AMEND - 1

1  Court approved the parties' initial settlement on December 24, 2002. In late 2006, the parties
2  filed a joint motion for settlement extension. The Court approved their request and
3  stayed the case. The Court extended the settlement again on February 28, 2007, May 29,
4  2007, and September 26, 2007. The parties reached a new Settlement Agreement which
5  the Court approved following a fairness hearing on February 12, 2008, at Eastern State
6  Hospital ["ESH"].

   Under the new Settlement Agreement, the parties established an independent oversight procedure to ensure that Defendants meet the minimum constitutional requirements. An Independent Monitor conducted an on-site review to ensure compliance with the parties' agreement. The "settlement implementation period" was to last two years, but was subject to a six month extension at the request of the Independent Monitor. ECF. No. 226, § IV, p. 4. The parties agreed that the case should be "dismissed without prejudice thirty days following receipt of a monitoring report . . . finding that the defendants have successfully implemented all steps in the Settlement Plan, or sixty days following the conclusion of the two year settlement implementation period, plus any extensions of the settlement implementation period by the independent monitor . . . whichever is earlier." ECF. No. 226, § VIII, p. 12. "Successful implementation of the Settlement Plan for the purposes of dismissal without prejudice of the case shall require that the Independent Monitor make findings that the terms of the Settlement Plan have been completed to the extent that defendants will reasonably sustain each program area of the Settlement Plan whereby class members obtain, receive, enjoy or otherwise have access to the specific provisions therein." ECF No. 226, § IV, p. 5. In the event of a finding of non-compliance, "defendants will provide plaintiffs with a written response . . . . The parties will meet and confer to discuss this response within ten business days from the day plaintiffs receive defendants' response." ECF 226, § IV, p. 7.

   Over the course of the Settlement Agreement, the Court retained a role in implementation. Plaintiffs reserved the right to file a motion requiring Defendants to show

ORDER DENYING DEFENDANTS' MOTION TO DISMISS
AND GRANTING PLAINTIFFS' MOTION TO AMEND - 2

cause why they are not in substantial compliance . ECF 226, § VII, p. 10. Additionally, according to the parties' Settlement Agreement, the Court reserved the "powers of contempt or any other power possessed by the Court." *Id.* at p. 11.

## II  ANALYSIS

In a class action suit, the distinction between a consent decree and settlement is blurred because both types of agreement require court approval. Despite this ambiguity, all consent decrees have certain features in common. The key distinction between settlement agreements and consent decrees is that "courts are bound to enforce the terms of the decrees." *Gilmore v. People of the State of California*, 220 F.3d 987, 995 (9th Cir. 2000). Further, "a consent decree has the force of res judicata because it is a judgment. It can be enforced by judicial sanctions, including citation for contempt, if the decree is violated. A settlement is simply an agreement between the parties and can only be enforced by a subsequent suit." *Williams v. City of New Orleans*, 729 F.2d 1554, 1559 (5th Cir. 1984) citing *United States v. City of Miami*, 664 F.2d 435, 439-40 (5th Cir.1981) (en banc).

The terms of the Settlement Agreement anticipate ongoing Court involvement making the agreement a consent decree. The Settlement Agreement is written as an Order with Court approval. However, since the Court must approve all settlement agreements in class action suits, this issues is not dispositive as to whether or not this is a consent decree. The Settlement Agreement anticipates Court involvement if the Plaintiffs' bring a motion requesting intervention. The Settlement Agreement also explicitly reserves the Court's rights for contempt and other powers of the Court. Though this type of involvement does not explicitly create an injunction, it leaves open the possibility that if the Defendants do not follow their agreement, the Court can issue an injunction if necessary.

The Court has the authority to modify a consent decree when a party is not in substantial compliance with the decree. A consent decree can only be modified in the event of a significant change in circumstances. *Labor/Community Strategy Center v. Los Angeles*

*County Metropolitan Transp. Authority*, 564 F.3d 1115, 1120 -1121 (9th Cir. 2009). "The failure of substantial compliance with the terms of a consent decree can qualify as a significant change in circumstances that would justify the decree's temporal extension. *Id.* at 1121.

The parties agree that to comply with the Fourteenth Amendment, Plaintiffs must show that professional judgment was not exercised in the treatment of the class. *Youngberg v. Romeo*, 457 U.S. 307 (1982). "Liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323. The parties also agree that Defendants have complied with most of the issues identified in the Settlement Agreement. However, Dr. Charlot's report pointed to a few issues that she found to be out of compliance. According to her, ESH failed "to make data-informed treatment decisions, a cornerstone of the [Habilitative Mental Health] treatment model" at the time of her last report. Since her last report, several months have passed and Defendants assert that their systems have improved to the point that they would satisfy the Settlement Agreement, even in the eyes of Plaintiffs. Plaintiffs concede that Defendants have made progress and they may be in compliance at this time.

Given the possibility that Defendants have now met their responsibilities and the lack of expertise of the Court in assessing application of a treatment model, the Court will extend the term of the Settlement Agreement for one year. During this year, Defendant's shall provide access to Dr. Charlot so that she may reassess only those areas she found lacking in her final report. She shall issue a report to the parties and the Court memorializing her findings. If she finds the Defendants in complete compliance, then the lawsuit shall be dismissed. However, if she still finds Defendants out of compliance with the Settlement Agreement, the Court will hold an evidentiary hearing to determine whether the treatment at ESH for persons with co-occurring mental health and intellectual disabilities satisfy the

ORDER DENYING DEFENDANTS' MOTION TO DISMISS
AND GRANTING PLAINTIFFS' MOTION TO AMEND - 4

minimum requirements of the Constitution. The parties may at any time propose a joint alternative agreement. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion to Dismiss, filed March 24, 2011, **ECF No. 233**, is **DENIED**.

2. Plaintiff's Motion to Amend the Order and Settlement Agreement Entered February 12, 2008, filed April 13, 2011, **ECF No. 240**, is **GRANTED.**

3. The Settlement Agreement shall be **MODIFIED** as follows:

   (a) The term of the agreement shall be extended one year from the date of this Order.

   (b) Dr. Charlot's term as Independent Monitor shall be extended until expiration of the Settlement Agreement.

   (c) Dr. Charlot shall prepare a report addressing compliance in only those areas she found lacking in her previous report.

   (d) Defendants shall provide access and documentation necessary for Dr. Charlot to complete her duties.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 7th day of June, 2011.

06-02-11

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANTS' MOTION TO DISMISS
AND GRANTING PLAINTIFFS' MOTION TO AMEND - 5