UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| BILLY SUE MARR, by and through her Legal Guardian and Father, Grant Marr; TODD PINARD; GREG ROGERS; JASON DUPPER, by and through his Legal Guardians, Margaret and Russell Dupper; BRYAN SAUNDERS, on behalf of themselves and all others similarly situated; | ) ) ) ) ) ) ) ) ) | NO.    CV-02-0067-WFN |
| and | ) ) | AGREED ORDER OF DISMISSAL |
| WASHINGTON PROTECTION AND ADVOCACY SYSTEM, INC., a Washington Corporation, | ) ) ) ) | |
|                             Plaintiffs, | ) ) | |
| -vs- | ) ) | |
| EASTERN STATE HOSPITAL, et al., | ) ) | |
|                             Defendants. | ) ) | |

This matter is before the Court pursuant to a Joint Motion to Dismiss brought by the parties. The Court makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

1.    An Order and Settlement Agreement (hereinafter, "the Order and Settlement Agreement") entered by the Court on February 12, 2008 (ECF No. 226) contained provisions for a period of external monitoring of the conditions of treatment at the Habilitative Mental Health (HMH) unit for care of persons with developmental disabilities at Eastern State Hospital (ESH).

2.    The external monitoring was conducted by an independent monitor, Dr. Lauren Charlot, from the University of Massachusetts Medical School.

AGREED ORDER
OF DISMISSAL- 1

3.    In 2010, Dr. Charlot completed her final monitoring visit.  Dr. Charlot's subsequent monitoring report of April 23, 2010, found the hospital in compliance with all but two program areas subject to review. Dr. Charlot required ESH to provide additional documentation.

4.    Dr. Charlot completed her additional review of documentation provided by ESH in the fall of 2010, and issued her follow up report on November 24, 2010.  She found significant improvement in one outstanding program area, "psychiatric care," and voiced continuing concern about "Data Collection, Treatment Planning, and Behavioral Supports."

5.    Based on the Court's Order of June 7, 2011, ECF No. 269, ESH and Dr. Charlot jointly developed clear and measurable criteria for determining substantial compliance with the remaining program area at issue, "Data Collection, Treatment Planning, and Behavioral Supports."

6.    In March 2012, Dr. Charlot began review of 90 days of clinical charting of three different HMH patients to determine compliance with the agreed upon criteria for review of data collection and treatment planning.

7.    On or about April 30, 2012, ESH received a summary report from Dr. Charlot indicating that the charts she reviewed were in substantial compliance with the criteria.

**CONCLUSIONS OF LAW**

1.    The Order and Settlement Agreement entered by the Court on February 12, 2008, ECF No. 226, called for a two year settlement implementation period, which expired in February 2010.

2.    Upon a joint motion of the parties, the Court extended the two year settlement implementation period until May 28, 2010.  ECF No. 232.

3.    Dr. Charlot's April 23, 2010 monitoring report finding a lack of substantial compliance triggered an extension of the settlement implementation period up to an additional six months.  ECF No. 226, Section IV H (page 6).  This extended the settlement implementation period to November 29, 2010.

4.    In 2011, the parties brought cross motions to resolve a dispute over compliance and termination of the lawsuit.  Defendants moved to dismiss (ECF No. 233), while Plaintiffs moved to amend the Order and Settlement Agreement (ECF No. 240).

AGREED ORDER
OF DISMISSAL- 2

5.    The Court's Order of June 7, 2011 denied Defendants' motion and granted Plaintiffs' motion.  ECF No. 269.  The Court extended the monitoring period for up to one year.  Defendants were required to submit documentation to Dr. Charlot to determine substantial compliance in the remaining area of concern, called "Data Collection, Treatment Planning, and Behavioral Supports."  ECF No. 269 at 5.

6.    The Court's Order provided that, "If [Dr. Charlot] finds the Defendants in complete compliance, then the lawsuit shall be dismissed."  ECF No. 269 at 4.

7.    Dr. Charlot's finding of substantial compliance in the program area of "Data Collection, Treatment Planning, and Behavioral Supports" means that Defendants have satisfied all substantive terms of the Order and Settlement Agreement (ECF No. 226), and that, pursuant to the Court's Order of June 7, 2011 (ECF No. 269), the lawsuit should be dismissed.

## ORDER

Based on the foregoing Findings of Fact and Conclusions of Law and pursuant to the terms of the Court's Order and Settlement Agreement dated February 12, 2008 (ECF No. 226) and Order Denying Defendants' Motion to Dismiss and Granting Plaintiffs' Motion to Amend dated June 7, 2011 (ECF No. 269),

**IT IS ORDERED** that:

1.    The parties' Joint Motion to Dismiss, filed May 9, 2012, **ECF No. 280**, is **GRANTED**.

2.    This case is **TERMINATED** and the claims in this case are **DISMISSED WITHOUT PREJUDICE**.

The District Court Executive is directed to file this Order, provide copies to counsel **AND TO CLOSE THIS FILE**

**DATED** this 14th day of May, 2012.


                                        _____s/ Wm. Fremming Nielsen_____
                                           WM. FREMMING NIELSEN
05-14-12                                SENIOR UNITED STATES DISTRICT JUDGE




AGREED ORDER
OF DISMISSAL- 3